**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EDWIN CULP, #18900-039,

             Petitioner/ Defendant,

v.

                                   Criminal Case No: 92-81058-10
                                   Hon. Anna Diggs Taylor

UNITED STATES OF AMERICA,

             Respondent/ Plaintiff.

_____/

## <u>MEMORANDUM OPINION and ORDER</u>

Petitioner Edwin Culp ("Culp") has filed a motion for Relief from a Judgment or Order pursuant to Fed. R. Civ. P. 60 (b)(6). Petitioner argues that this court failed to consider, when issuing its Memorandum Opinion and Order of Dismissal dated June 3, 2003, (the "Order") arguments made in his supplemental §2255 motion filed on April 3, 2003. Culp contends that this court should vacate the Order and consider all arguments made in both his original and supplemental §2255 motions. For the reasons stated below, Culp's motion must be DENIED.

**I.**

On April 17, 1997, a grand jury returned a fourth superseding indictment charging Culp and others with intentional killing and aiding and abetting in violation of 21 U.S.C. § 848(e)(1)(A) and use or carrying of a firearm in violation of 18 U.S.C. § 924(c). Culp was one of eleven defendants charged in a fourth superseding indictment with various drug related violations. After trial to a jury, Culp was found guilty of 21 U.S.C. § 848(e)(1)(A), for intentional killing and 18 U.S.C. § 924(c), for use or carrying of a firearm. He was sentenced on July 23, 1998, to a mandatory life sentence.

1

On July 27, 1998, Culp filed a timely notice of appeal. On appeal, Culp raised several issues, including: (1) that there had been insufficient evidence to convict him under 21 U.S.C. § 848(e)(1)(A); (2) that the district court should have granted his motion for a new trial because the government had committed prosecutorial misconduct; and (3) that the jury instructions given were improper. *United States v. Damond Sellers, David Powell, Edwin Culp, and Ronald Hunter*, Nos. 98-1577, 1811, 1855, 2325, slip op. (6th Cir. May 8, 2001). Each of these arguments was rejected in turn by the appeals court. *Id.*

On June 5, 2001, the Sixth Circuit Court of Appeals issued a Mandate affirming the decision of the district court. On October 22, 2001, the United States Supreme Court denied Culp's request for a Writ of Certiorari. On March 14, 2002, Culp filed his initial motion pursuant to 28 U.S.C. § 2255.

Culp's §2255 motion argued: (1) that because "every element of [21 U.S.C. §] 848(e)(1) was not proven to a jury beyond a reasonable doubt ... the court lacked jurisdiction to sentence the defendant under section 848(e)"; and (2) that he had been denied effective assistance of counsel because his counsel had failed to object to (a) the jury selection process in his case, and (b) the "trial court's vague and improper instructions to the jury regarding what the government must prove in order to support a conviction under 21 U.S.C. § 848(e)(1)(A) and the court's failure to charge the jury 'that they must so find.'"

On April 3, 2003, Culp filed a supplemental motion under §2255 which made various jurisdictional arguments, namely that because he was not charged and convicted of certain elements under 21 U.S.C. §§848, the court lacked jurisdiction to sentence him for intentional killing under 21 U.S.C. 848(e)(1)(A).

On June 3, 2003, this court entered an Opinion and Order denying his claim for relief under

§2255 and dismissing the motion. On May 13, 2008, Culp filed the instant motion for relief from

judgment pursuant to Fed.R.Civ.P. 60 (b)(6).

## II.

### *Fed. R. Civ. 60(b)*

Petitioner brings his motion and seeks relief from his judgment pursuant to Fed.R.Civ.P.

60(b). Rule 60(b) states in relevant part that:

> On motion and upon such terms as are just, the court may relieve a
> party or a party's legal representative from a final judgment, order, or
> proceeding for the following reasons: (1) mistake, inadvertence,
> surprise, or excusable neglect; (2) newly discovered evidence which
> by due diligence could not have been discovered in time to move for
> a new trial under Rule 59(b); (3) fraud (whether heretofore
> denominated intrinsic or extrinsic), misrepresentation, or other
> misconduct of an adverse party; (4) the judgment is void; (5) the
> judgment has been satisfied, released, or discharged, or a prior
> judgment upon which it is based has been reversed or otherwise
> vacated, or it is no longer equitable that the judgment should have
> prospective application; or (6) any other reason justifying relief from
> the operation of the judgment. The motion shall be made within *a
> reasonable time*, and for reasons (1), (2), and (3) not more than one
> year after the judgment, order, or proceeding was entered or taken. A
> motion under this subdivision (b) does not affect the finality of a
> judgment or suspend its operation. This rule does not limit the power
> of a court to ... set aside a judgment for fraud upon the court ... .
> (Emphasis added)

The residual clause in subsection (b)(6) may afford relief only in exceptional circumstances

which are not otherwise addressed by the first five numbered clauses of the rule. Lewis v.

Alexander, 987 F.2d 392, 395 (6th Cir. 1993). It is properly invoked in "unusual and extreme

situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357,

365 (6th Cir. 1990).

Fed.R.Civ.P. 60 (b) does not prescribe a specific time frame under which motion made

3

pursuant to subsections (4), (5) and (6) must be made.  However, Fed.R.Civ.P. 60 (b) mandates that such a motion must be made within a reasonable time.  The bounds of reasonable time "ordinarily depends on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief."  Olle v. Henry & Wright Corp., 910 F.2d at 365.  The district courts enjoy broad discretion when deciding whether to set aside judgments under Rule 60(b), that discretion is circumscribed by public policy favoring finality of judgments and termination of litigation.  Waifersong, Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992).  Such policy favoring finality of judgments necessitates that Rule 60(b) motions be made within a reasonable time.

Petitioner has brought this motion under the residual clause found in Fed.R.Civ.P. 60(b)(6). As stated, such a motion may be granted only in exceptional and extreme circumstances.  Petitioner has failed to meet this burden.  Petitioner merely reasserts the same claims made in his original and supplemental motion pursuant to 28 U.S.C. §2255.  While Culp argues that this court failed to address the merit of the arguments made in his April 3, 2003 supplemental motion, this court disagrees.  A reading of the June 3, 2003 Order clearly establishes that Petitioner's jurisdictional arguments were addressed and fully adjudicated.  The court even pointed out that the issues had been raised on direct appeal and were not properly before the court. More specifically, the court held that because this §848(e) claim was raised on direct appeal, and no "highly exceptional circumstance" has been presented by Culp, his claim may not be resurrected in his subsequent §2255 motion. Memorandum Opinion and Order of Dismissal, June 3, 2003 at p. 3.

The Court adequately addressed Culp's arguments in the June 3, 2003 Order.  Accordingly, Petitioner has failed to establish "unusual and extreme situations where principles of equity mandate relief."  See FRCP 60.  Petitioner's arguments were made and adjudicated.

Culp argues that "extraordinary circumstances" do exist based upon his transfer to several different facilities, which caused his hardship in accessing his legal resources, thus preventing him from gaining knowledge of this court's alleged failure to consider his supplemental §2255 motion. Petitioner's contention is less than forthright to say the least. First, it should be noted that Petitioner waited almost 5 years before challenging this Court's Order of June 3, 2003. This court is convinced that Petitioner did have access to this court's ruling at the time of its filing. In fact, this court maintains a copy of a letter mailed to Petitioner on November 13, 2003, responding to his November 6, 2003 letter requesting a copy of the Sixth Circuit's Order regarding his appeal of the June 3, 2003 Order. This letter confirms that Petitioner had knowledge of the Order and filed a timely appeal. Petitioner, however, failed to object to its alleged deficiencies at that time and never even filed a motion for reconsideration arguing that the supplemental motion had not been considered  Further, his appeal was filed on July 24, 2003, only 1 ½ months after the entry of this court's order.   Thus, it is clear from the record that Culp had knowledge of the denial of relief within a reasonable time after the corresponding order was issued.

The bounds of reasonable time "ordinarily depends on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." Olle v. Henry & Wright Corp., 910 F.2d at 365. None of these factors have been proven to justify his delay in bringing this motion.

It is clear that the issues raised by Petitioner in the supplemental §2255 motion have already been adjudicated by this court in the June 3, 2003 Order. Based on the fact that Petitioner has failed to set forth exceptional or extraordinary circumstances warranting relief from judgment and that the instant motion was not filed within a reasonable time after entry of the Order Denying Petitioner's §2255 motions, Petitioner's Motion pursuant to Rule 60(b)(6) must be DENIED.

## III.

## *Fed. R. Civ. 11(b)*

On July 11, 2008, Petitioner filed a Motion for Sanctions pursuant to Rule 11(b). He argues that the United States Attorney engaged in unethical and fraudulent practices on the court that contributed to constitutional violations against Petitioner.

After a careful review of the record, this court does not find that Respondent participated in any unethical or fraudulent practices on the court. Accordingly, Petitioner's motion for sanctions must be DENIED.

## IV.

For the foregoing reasons,

IT IS ORDERED that Petitioner's motion for relief from judgment or order pursuant to Fed.R.Civ.P. 60(b)(6) [d/e-851] be **DENIED** and **DISMISSED**.

IT IS FURTHER ORDERED that Petitioner's Motion for Sanctions pursuant to Fed.R.Civ.P. 11(b) [d/e-855] is **DENIED** and **DISMISSED**.

IT IS SO ORDERED.


DATED: November 7, 2008                 **s/Anna Diggs Taylor**
                                        ANNA DIGGS TAYLOR
                                        UNITED STATES DISTRICT JUDGE

---

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on November 7, 2008.

Edwin Culp, #18900-039
Victorville USP
P.O. Box 5500                           s/Johnetta M. Curry-Williams
Adelanto CA 92301                       Case Manager