**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EDWIN CULP, #22594-039,

        Petitioner,

v.                                   Case No. 92-81058-10

UNITED STATES OF AMERICA,        HON. MARIANNE O. BATTANI

        Respondent.

_____/

**ORDER TRANSFERRING PETITIONER'S MOTION PURSUANT TO FED. R. CIV.**
**P. 12(B)(6) TO "PROTECT THE INTEGRITY OF THE § 2255 PROCEEDINGS"**

        This matter is before the Court on Petitioner Edwin Culp's Motion to Pursuant to Fed.

R. Civ. P. 12(b)(6) to "Protect the Integrity of the § 2255 Proceedings" (Doc. No. 895). For

the reasons that follow, Petitioner's § 2255 motion is **TRANSFERRED** to the United States

Court of Appeals for the Sixth Circuit for authorization for filing as a successive petition

under 28 U.S.C. § 2244(b)(3)(A).

**I.    BACKGROUND**

        The court has addressed and denied a prior petition for relief under 28 U.S.C. §

2255, a supplemental motion, and a Rule 60(b)(6) motion. In the decision denying

Petitioner's 12(b)(6) motion, the Court outlined the procedural history as outlined below:

> On April 17, 1997, a grand jury returned a fourth superseding indictment
> charging Culp and others with intentional killing and aiding and abetting in
> violation of 21 U.S.C. § 848(e)(1)(A) and use or carrying of a firearm in
> violation of 18 U.S.C. § 924(c). Culp was one of eleven defendants charged
> in a fourth superseding indictment with various drug related violations. After
> trial to a jury, Culp was found guilty of 21 U.S.C. § 848(e)(1)(A), for
> intentional killing and 18 U.S.C. § 924(c), for use or carrying of a firearm. He
> was sentenced on July 23, 1998, to a mandatory life sentence.
>
> On July 27, 1998, Culp filed a timely notice of appeal. On appeal, Culp raised
> several issues, including: (1) that there had been insufficient evidence to

convict him under 21 U.S.C. § 848(e) (1)(A); (2) that the district court should have granted his motion for a new trial because the government had committed prosecutorial misconduct; and (3) that the jury instructions given were improper. <u>United States v. Damond Sellers, David Powell, Edwin Culp, and Ronald Hunter</u>, Nos. 98-1577, 1811, 1855, 2325, slip op. (6th Cir. May 8, 2001). Each of these arguments was rejected in turn by the appeals court. <u>Id.</u>

On June 5, 2001, the Sixth Circuit Court of Appeals issued a Mandate affirming the decision of the district court. On October 22, 2001, the United States Supreme Court denied Culp's request for a Writ of Certiorari. On March 14, 2002, Culp filed his initial motion pursuant to 28 U.S.C. § 2255.

Culp's § 2255 motion argued: (1) that because "every element of [21 U.S.C. § ] 848(e)(1) was not proven to a jury beyond a reasonable doubt. . .the court lacked jurisdiction to sentence the defendant under section 848(e)"; and (2) that he had been denied effective assistance of counsel because his counsel had failed to object to (a) the jury selection process in his case, and (b) the "trial court's vague and improper instructions to the jury regarding what the government must prove in order to support a conviction under 21 U.S.C. § 848(e)(1)(A) and the court's failure to charge the jury 'that they must so find.' "

On April 3, 2003, Culp filed a supplemental motion under § 2255 which made various jurisdictional arguments, namely that because he was not charged and convicted of certain elements under 21 U.S.C. § 848, the court lacked jurisdiction to sentence him for intentional killing under 21 U.S.C. 848(e)(1)(A).

On June 3, 2003, this court entered an Opinion and Order denying his claim for relief under § 2255 and dismissing the motion. On May 13, 2008, Culp filed the instant motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6).

<u>Culp v. United States</u>, No. 92-81058-10, 2008 WL 4852911, at *1-2 (E.D. Mich. Nov. 7, 2008).    The court denied Petitioner's motion, finding that the motion for relief from judgment merely restated claims raised and rejected in prior motions.

In his most recent § 2255 motion, Culp asks the Court to reopen his original § 2255 motion pursuant to Fed. R. Civ. P. 60(b)(6) to address a claim of double jeopardy.

According to Culp, his conviction is invalid, and his attorney provided ineffective assistance of counsel at trial in failing to raise the double jeopardy argument. Culp maintains that the district court failed to address the claim in his prior § 2255 motion; thus, his petition is a challenge to the integrity of the proceedings. (Doc. No. 895 at 2).

The Government did not respond to the motion. On October 13, 2015, Petitioner filed a Notice of Filing of Amended Motion to Alter, Vacate, Revise or Amend the Court's Memorandum Opinion and Order, Doc. No. 782. (Doc. No. 902). In his filing, Culp states that the motions are submitted "in good faith, and not for the purpose of sandbagging the Court or gaining an unfair advantage over the Government." (Doc. No. 902 at ¶ 4). In conjunction with the Notice, Petitioner filed a Motion to Revise and Amend the Court's Memorandum Opinion and Order Pursuant to Federal Rule of Civil Procedure 54(b) for the Purpose of Resolving All 28 U.S.C. § 2255 Claims Presented to the Court (Doc. No. 903), a Motion for Relief from the Court's Memorandum Opinion and Order Pursuant to Federal rule of Civil Procedure 60(b)(4) and 60(b)(6) (Doc. No. 904), and Motion Seeking Leave to Conduct Supplemental Briefing on the Petitioner-Movant's Unresolved 28 U.S.C. § 2255 Claims and Request for Leave to Expand Record Pursuant to Rule 7 of the § 2255 Rules (Doc. No. 905).

## II.   ANALYSIS

The first issue to be addressed is whether the instant § 2255 motion is a successive § 2255 motion for which a petitioner is required to obtain the Sixth Circuit's leave to file. See United States v. McDonald, 326 F. App'x 880, 883-84 (6th Cir. 2009); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order

3

authorizing the district court to consider the application."); 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . . .").

Contrary to Culp's assertion, the district court addressed the claims raised in his § 2255 motion on the merits.   Although Culp argues that he raised the double jeopardy issue, the record demonstrates that he merely filed a motion requesting leave to amend his § 2255 petition to add, among other things, a double jeopardy argument (Doc. No. 760, filed 4/3/04), which was never granted.  Consequently, the double jeopardy argument raised in 2015 was never before the court in 2003.  Therefore, this Court rejects Culp's characterization of his motion as an attach on the integrity of the habeas proceeding. Because Culp has not obtained the requisite leave to file from the Sixth Circuit, the Court lacks jurisdiction to consider Petitioner's successive § 2255 motion.  See 28 U.S.C. § 2255(h);  In re Green, 144 F.3d 384, 388 (6th Cir. 1998); Casey v. Hemingway, 42 F. App'x. 674 (6th Cir. 2002).

The Sixth Circuit has instructed that if " a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244 authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." Sims v. Terbush, 111 F.3d 45, 47 (6th Cir. 1997); see also U.S. v. Cottage, 307 F.3d 494, 500 (6th Cir. 2002).  The Court will therefore transfer Petitioner's Motion to Reopen 28 U.S.C. § 2255 Pursuant to Federal Rules of Civil Procedure 60(b)(4) Void Judgment in Violation of Due Process of the Law, which the Court has construed as a successive motion under § 2255, to the Sixth Circuit Court of Appeals.

4

## III.   CONCLUSION

For the reasons stated above, Petitioner's motion is hereby **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for authorization under 28 U.S.C. § 2244(b)(3)(A) for filing as a successive petition.  The subsequent motions, Doc. Nos. 903, 904, and 905 are **DENIED** as moot.

**IT IS SO ORDERED.**

Date:   January 11, 2016                    s/Marianne O. Battani_____
                                            MARIANNE O. BATTANI
                                            United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 11, 2016.

                                            s/ Kay Doaks_____
                                            Case Manager