UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                Case No. 92-cr-81058-10

v.                               Hon. Matthew F. Leitman

D10, EDWIN CULP,

    Defendant.

_____/

## ORDER TRANSFERRING MOTION (ECF No. 938) TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

In 1998, a jury found Edwin Culp guilty of (1) intentional killing in violation of 21 U.S.C. § 848(e)(1)(A) and (2) using or carrying a firearm in violation of 18 U.S.C. § 924(c).  Three years later, the United States Court of Appeals for the Sixth Circuit affirmed his convictions on direct appeal. *See United States v. Culp*, 9 Fed. Appx. 335 (6th Cir. 2001).  Since that time, Culp has filed numerous post-appeal motions in this Court attacking his conviction.  All have been denied.  He is now back before the Court with yet another attack on his conviction – one that he calls a "Motion Pursuant to Fed.R.Civ.Proc. 54(b) and/or 60(b)(6) to 'Rectify a Procedural Defect in the 28 U.S.C. § 2255 Proceedings.'" (*See* Mot., ECF No. 938.)  For the reasons explained below, this Court **TRANSFERS** Culp's motion to the Sixth Circuit because it is a second or successive § 2255 motion.

1

# I

## A

The history of Culp's post-appeal attacks on his conviction is both lengthy and complicated.  That history begins on March 14, 2002, when Culp filed a motion to vacate his sentence under 28 U.S.C. § 2255 (the "Original § 2255 Motion"). (Mot., ECF No. 729.)   In this motion, Culp argued that (1) the trial court improperly instructed the jury regarding the elements the Government needed to prove to convict him under 21 U.S.C. § 848(e)(1)(A); (2) he was denied the effective assistance of counsel by his counsel's failure to object to (a) the allegedly improper jury instructions, and (b) the trial court's allegedly unlawful jury selection plan; (3) the trial court's jury selection plan violated the U.S. Constitution and federal law; and (4) the Government failed to prove every element required to convict under 21 U.S.C. § 848(e)(1)(A). (*Id.*, PageID.65-98).

On April 3, 2003 – before the Government had responded to the motion – Culp attempted to supplement and amend his § 2255 motion to include four additional arguments (the "Supplemental § 2255 Motion"). (Mot., ECF No. 760.)  In that motion, Culp sought to add four arguments "pertaining to the district court's jurisdiction during his trial." (*Id.*, PageID.334.)   Culp argued that (1) the Government's failure to prove every element necessary to convict him under 21 U.S.C. § 848(e)(1)(A) deprived the trial court of its jurisdiction; (2) the trial court's

erroneous jury instructions constituted an improper constructive amendment to Culp's indictment and deprived the court of its jurisdiction over the case; (3) his guilty plea to a federal drug conspiracy charge under 21 U.S.C. § 846 in the same case precluded his subsequent indictment and prosecution for 21 U.S.C. § 848(e)(1)(A); and (4) this earlier guilty plea barred his subsequent indictment and prosecution for 21 U.S.C. § 848(e)(1)(A) under the Double Jeopardy Clause of the Fifth Amendment. (*Id.*, PageID.335-352.).

On June 3, 2003, United States District Judge Anna Diggs Taylor – the judge to whom this case was assigned originally – issued a Memorandum Opinion and Order denying relief under § 2255 (the "2003 Denial Order"). (*See* Op. and Order, ECF No. 782.) In this Order, Judge Taylor did not specifically mention that Culp had filed both the Original § 2255 Motion and the Supplemental § 2255 Motion. Instead, she said only that Culp had filed a timely motion for relief under § 2255, and she then identified the issues he had raised. Judge Taylor characterized Culp's claims as follows:

> Culp's instant motion argues: (1) that because "every element of [21 U.S.C. §] 848(e)(1) was not proven to a jury beyond a reasonable doubt … the court lacked jurisdiction to sentence the defendant under Section 848(e)"; and (2) that he had been denied effective assistance of counsel because his counsel had failed to object to (a) the jury selection process in his case, and (b) the "trial court's vague and improper instructions to the jury regarding what the government must prove in order to support a conviction under 21 U.S.C. § 848(e)(1)(A) and the court's failure to charge the jury 'that they must so find.'"

(*Id.*, at PageID.408.)

After identifying Culp's claims, Judge Taylor held that Culp's jurisdictional arguments about his § 848(e)(1)(A) conviction "rel[ied] upon an incorrect premise" and were without merit. (*Id.*, PageID.409.) She further held that Culp's § 848(e)(1)(A) arguments had been "raised on direct appeal" and could not be "resurrected in his subsequent § 2255 motion." (*Id.*) Likewise, Judge Taylor rejected Culp's ineffective assistance of counsel claims. Regarding counsel's alleged failure to object to the jury selection plan, Judge Taylor concluded that Culp failed to establish actual prejudice. (*Id.*, PageID.411-412.) Regarding counsel's alleged failure to object to the jury instructions, Judge Taylor held that (1) Culp failed to establish actual prejudice, and (2) Culp had raised the same argument on direct appeal and could not raise it again through a § 2255 motion.[1] (*Id.*, PageID.412-413.)

## B

Five years later, on May 13, 2008, Culp moved under Federal Rule of Civil Procedure 60(b)(6) to vacate the 2003 Denial Order. (Mot., ECF No. 851.) Culp

---

[1] On July 24, 2003, after Judge Taylor entered the 2003 Denial Order, Culp filed a notice of appeal and an application for a certificate of appealability. (*See* Notice, ECF No. 769). On September 11, 2003, Judge Taylor denied Culp's request for a certification of appealability. (Order, ECF No. 778.) Culp did not pay the required appeal filing fee (*see* Notice, ECF No. 773), and the United States Court of Appeals for the Sixth Circuit consequently dismissed his appeal. (*See* Sixth Circuit Order, ECF No. 781.) Culp subsequently filed a petition for a writ of certiorari with the United States Supreme Court (*see* Letter, ECF No. 806), which the Court denied. (*See* Order, ECF No. 811.)

sought relief from the 2003 Denial Order on the ground that Judge Taylor had failed to address the claims he presented in the Supplemental § 2255 Motion. (*See id.*)  In Culp's words: "The 'amended complaint' that replaced the original was not adjudicated and no order was issued denying the motion to amend." (*Id.*, PageID.857.)

On November 7, 2008, Judge Taylor entered an opinion and order denying Culp's motion. (*See* Op. and Order, ECF No. 858.)  Judge Taylor held that Culp failed to file the motion "within a reasonable time after" the 2003 Denial Order. (*Id.*, PageID.977.)  She also rejected Culp's claim that, in the 2003 Denial Order, she had neglected to rule upon the issues he had presented in the Supplemental § 2255 Motion.  She said: "It is clear that the issues raised by [Culp] in the supplemental § 2255 motion have already been adjudicated by th[e] court in the June 3, 2003 Order." (*Id.*, PageID.977.)

Culp subsequently sought a certificate of appealability from the Sixth Circuit, and that court denied his request.  The court explained that Culp had failed to show any error in Judge Taylor's ruling:

> In his motion to vacate sentence, Culp claimed that: 1) because "every element of [21 U.S.C. §] 848(e)(1) was not proven to a jury beyond a reasonable doubt . . . the court lacked jurisdiction["] to sentence him; and 2) trial counsel rendered ineffective assistance. Thereafter, Culp filed a supplemental motion to vacate sentence claiming that because he was not charged and convicted of certain elements under 21 U.S.C. § 848, the district court lacked jurisdiction to sentence him under § 848(e)(1)(A). The district court denied the motion to vacate sentence

and found no grounds upon which to grant Culp a certificate of appealability. On May 13, 2008, nearly five years after his § 2255 motion, Culp filed his motion pursuant to Rule 60(b)(6) alleging that the district court failed to consider his supplemental motion when the court denied his original § 2255.

The court hereby denies Culp a certificate of appealability because he has not made a substantial showing of the denial of a federal constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). Culp failed to satisfy the required showing by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The motion was untimely filed under Fed. R. Civ. P. 60(b). A Rule 60(b)(6) motion must be made "within a reasonable time." Culp waited to file his immediate motion nearly five years after the district court denied his motion to vacate sentence.

(Order, ECF No. 868, PageID.1002-03.)

## C

Nearly seven years later, Culp filed a flurry of motions again attacking the 2003 Denial Order.   First, on April 13, 2015, he filed a "Motion Under Fed.R.Civ.Proc. 60(b)(6) to 'Protect the Integrity of the § 2255 Proceedings'" (the "Motion to Protect"). (Mot., ECF No. 895.)  In this motion, Culp again contended that Judge Taylor had failed to adjudicate all of the claims presented in the Supplemental § 2255 Motion when she entered the 2003 Denial Order.   More specifically, he again asserted that Judge Taylor "did NOT [sic] rule on Petitioner's

Fifth Amendment Double Jeopardy claim" in the 2003 Denial Order.[2] (*Id.*, PageID.1151-1152.)   He requested a ruling "on the merits of [Culp's] Fifth Amendment Double Jeopardy claim." (*Id.*, PageID.1151.)   Additionally, Culp argued Judge Taylor "erred . . . by refusing to consider Petitioner's IAC and IAAC claims on their merits." (*Id.*, PageID.1163.)   He also asserted a host of new ineffective assistance of counsel claims, alleging trial counsel failed to object to his indictment, prosecution, and ultimate conviction: (1) on Double Jeopardy grounds; (2) on the grounds that it violated his plea agreement; (3) for a deficient indictment; and (4) for charging him under an unconstitutional statute. (*Id.*, PageID.1166.) Finally, Culp argued his motion "should not be deemed a second or successive § 2255 motion," and instead was a "true Rule 60(b)(6) motion," because Judge Taylor's failure to rule on his Double Jeopardy claim meant there had not been a final judgement on his claims under Federal Rules of Civil Procedure 54(b) and 58. (*Id.*, PageID.1151-1152, 1165.)

Six months later, on October 13, 2015, Culp filed two additional motions: (1) a "Motion to Revise and Amend the [2003 Denial Order] Pursuant To Federal Rule Of Civil Procedure 54(b) For The Purpose Of Resolving All 28 U.S.C. § 2255 Claims Presented To The Court" (the "2015 54(b) Motion") (*see* Mot., ECF No.

---

[2] Culp conceded, however, that Judge Taylor "did rule on [his] jurisdictional claims." (Mot., ECF No. 895, PageID.1151.)

903), and (2) "Motion For Relief From The [2003 Denial Order] Pursuant To Federal Rule Of Civil Procedure 60(b)(4) And 60(b)(6)" (the "2015 60(b) Motion") (*see* Mot., ECF No. 904).   In the 2015 54(b) Motion, Culp "request[ed] that the Court revise and/or amend" the 2003 Denial Order to "resolv[e] all claims presented to the Court in [Culp's] Amended/Supplemental 28 U.S.C. § 2255 pleading." (Mot., ECF No. 903, PageID.1200).   He argued such relief was available under Rule 54(b) because the 2003 Denial Order "failed to resolve all claims for relief presented in [Culp's] Amended/Supplemental 28 U.S.C. § 2255 pleading" and therefore was not a final judgment. (*Id.*)   In the 2015 60(b) Motion, Culp moved under Rules 60(b)(4 and 6) for relief from the 2003 Denial Order. (*See* Mot., ECF No. 904.)   He again asserted he was entitled to relief because the 2003 Denial Order "failed to rule completely and dispositively on all claims presented for review." (*Id.*, PageID.1213.) Along with the two motions, Culp filed a "Notice Of Filing Of Amended Motion To Alter, Vacate, Revise Or Amend The [2003 Denial Order]." (*See* Notice, ECF No. 902.)   In that notice, Culp said that the two newly filed motions "supersede[d] the previously docketed motion [ECF No. 895]" and were "submitted for the purpose of clarifying [Culp's] claims to the Court." (*Id.*, PageID.1193-1194.)

On January 11, 2016, United States District Judge Marianne O. Battani – who had inherited Culp's case from Judge Taylor – entered an order addressing Culp's motions. (*See* Order, ECF No. 908).   She first took up Culp's Motion to Protect –

8

the motion in which Culp contended that Judge Taylor had failed to address his Double Jeopardy claims in the 2003 Denial Order.  Judge Battani concluded that Culp's motion was not properly characterized as an attempt to protect the integrity of the § 2255 proceedings. (*See id.*, PageID.1235.)  Instead, she regarded the motion as an attempt to present a new claim for relief that had not been properly presented to the court in 2003. (*See id.*) More specifically, Judge Battani held that the Double Jeopardy claim presented in the motion "was never before the court in 2003," because, at that time, Culp had "merely filed a motion requesting leave to amend his § 2255 petition to add, among other things, a double jeopardy argument (Doc. No. 760, filed 4/3/04), which was never granted."[3] (*Id.*)

Given her conclusion that Culp's Motion to Protect presented his Double Jeopardy claim for the first time, Judge Battani ruled that it should be treated as a second or successive § 2255 petition. (*See id.*, PageID.1236.)  Consequently, she transferred the motion to the United States Court of Appeals for the Sixth Circuit.

---

[3] Judge Battani's conclusion, that Culp's Double Jeopardy claim was not before the Court in 2003 because it was presented in the Supplemental § 2255 Motion (which was not granted), seems to be in tension with Judge Taylor's conclusion in 2008 that the 2003 Denial Order *did* address all the claims that Culp had presented in the Supplemental § 2255 Motion.

(*Id.*)  She then denied as moot Culp's two other motions that sought to amend the Motion to Protect (the 2015 54(b) Motion and the 2015 60(b) Motion).[4] (*Id.*)

On January 31, 2017, the Sixth Circuit denied Culp authorization to file a successive § 2255 motion. (*See* Order, ECF No. 912.)  The court first rejected Culp's argument that "the district court should not have re-characterized his [Motion to Protect] as a second or successive motion to vacate." (*Id.*, PageID.1250.)  The court explained that "[a] Rule 60(b) motion that attempts to add a new ground for relief or that attacks a federal habeas court's previous resolution of a claim on the merits is properly construed as a § 2255 motion." (*Id.*)  And the court concluded that under that standard, Culp's Motion to Protect was properly treated as a second or successive § 2255 motion:

> While Culp included the words "to 'protect the integrity of the § 2255 proceedings'" to the title of his motion, he merely attacks the resolution of the claims he set forth in his initial § 2255 motion or of his attempts to raise new claims that were in a proposed amendment that the district court did not permit. Thus, despite its title, the district court correctly determined that Culp's Rule 60(b)(6) motion "was actually a second or successive § 2255 motion in disguise." *In re Nailor*, 487 F.3d at 1023.

(*Id.*)  The court then declined to permit Culp to file a second or successive § 2255 motion:

> Before we may grant his request to file a second or successive § 2255 motion, Culp must make a prima facie showing that his proposed claims rely on either "(1) newly discovered evidence that, if proven and

---

[4] Culp subsequently filed a motion for reconsideration of Judge Battani's order, and she denied that motion. (Mot., ECF No. 909; Order, ECF No. 925.)

viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3)(C). Culp meets neither criterion. Accordingly, Culp's motion for leave to file a second or successive motion to vacate his sentence is **DENIED**.

(*Id.*, PageID.1250-1251.)

## D

In the motion now before the Court, filed on March 14, 2019, Culp once again moves *pro se* under Rules 54(b) and 60(b)(6) to vacate the 2003 Denial Order. (Mot., ECF No. 938.)  Culp re-asserts two arguments as to how Judge Taylor erred in the 2003 Denial Order.  First, he once again argues that Judge Taylor "erroneously procedurally barred [Culp] from a merits determination of the IAC claims presented in his [original] § 2255 motion[] that were raised on direct appeal." (*Id.*, PageID.1673.)  Second, he argues for a third time that Judge Taylor "failed to rule on the merits of" the four arguments raised in his amended § 2255 motion. (*Id.*, PageID.1674-1676.)

In response, the Government asserts Culp's motion "is an improper 28 U.S.C. § 2255 motion in disguise." (Response, ECF No. 1001, PageID.2756.)  Moreover, the Government argues that Judge Taylor adjudicated both Culp's IAC claims and the claims in the Supplemental § 2255 Motion on the merits. (*Id.*, PageID.2769-2761.)  Finally, the Government argues that Culp has not satisfied the requirements

for relief under Rules 54(b) or 60(b)(6).  The Government contends that there are no exceptional or extraordinary circumstances justifying relief and that Culp's motion is not timely. (*Id.*, PageID.2761.)

## II

As noted above, Culp repeatedly has sought relief from the 2003 Denial Order on the primary ground that he advances in his current motion – namely, that Judge Taylor failed to consider and rule upon the claims presented in the Supplemental § 2255 Motion.  And the two district judges who previously heard this argument rejected it – albeit for different reasons.  Judge Taylor ruled in 2008 that (1) in the 2003 Denial Order, she *did* consider and reject the claims in the Supplemental § 2255 Motion, and (2) Culp's challenge to the 2003 Denial Order came too late. (*See* Order, ECF No. 858.)  Judge Battani concluded, in contrast, that the claims in the Supplemental § 2255 Motion were never before Judge Taylor, and that any effort to raise them amounted to an effort to file a second or successive § 2255 Motion. (*See* Order, ECF No. 908.)  And the Sixth Circuit concluded that both judges got it right. (*See* Order, ECF No. 868; Order, ECF No. 912.)

No matter which prior ruling controls, Culp is not entitled to relief from this Court.  If Judge Taylor's 2008 ruling controls, then Culp cannot now raise yet again his claim that the 2003 Denial Order did not address the claims in the Supplemental § 2255 Motion.  Judge Taylor rejected that argument in her 2008 ruling, Culp

12

attempted to appeal that ruling, and the Sixth Circuit denied a certificate of appealability because Culp failed to make "a substantial showing of the denial of a federal constitutional right." (Order, ECF No. 868, PageID.1003.)  Given the Sixth Circuit's refusal to entertain Culp's attack on Judge Taylor's 2008 ruling, Culp cannot show that he is entitled to relief in the event that Judge Taylor's ruling controls.

If Judge Battani's ruling controls, then Culp's motion must be transferred to the Sixth Circuit.  Judge Battani concluded that any effort by Culp to assert a claim raised in his Supplemental § 2255 Motion would amount to a second or successive § 2255 Motion (*see* Order, ECF No. 908), and the Sixth Circuit affirmed that conclusion. (*See* Order, ECF No. 912).  Thus, under Judge Battani's ruling, Culp's current request that the Court adjudicate the claims in his Supplemental § 2255 Motion must be treated as a second or successive § 2255 Motion.  And the Court cannot consider the merits of such a motion unless and until the Sixth Circuit grants Culp permission to proceed with the motion.

Out of an abundance of caution, this Court will follow Judge Battani's approach, deem Culp's motion to be a second or successive § 2255 Motion, and transfer the motion to the Sixth Circuit.  Proceeding in this manner will give Culp another opportunity to make his case to the Sixth Circuit and will provide the Sixth Circuit another opportunity to review this case and to determine whether to grant

Culp permission to proceed with his motion.  Such a determination is properly made by the Court of Appeals. *See Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997); *see also U.S. v. Cottage*, 307F.3d 494, 500 (6th Cir.  2002).

## III

For all the reasons stated above, Culp's motion is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for authorization under 28 U.S.C. § 2244(b)(3)(A) for filing as a successive § 2255 petition**.**

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 14, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 14, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764