UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D10, EDWIN CULP,

    Defendant.
_____/

Case No. 92-cr-81058-10
Hon. Matthew F. Leitman

**ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION (ECF No. 1019)**

Defendant Edwin Culp is a federal prisoner in the custody of the Federal Bureau of Prisons. In 1998, a jury found Culp guilty of (1) intentional killing in violation of 21 U.S.C. § 848(e)(1)(A) and (2) using or carrying a firearm in violation of 18 U.S.C. § 924(c). *See United States v. Culp*, 9 F. App'x 335, 337 (6th Cir. 2001).

On February 24, 2021, and March 19, 2021, Culp filed motions for compassionate release from custody pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Mots., ECF No. 979, 986.) Culp argued, among other things, that he had shown extraordinary and compelling circumstances that entitled him to compassionate release "based on his medical conditions 'in conjunction with' [additional] factors" such as his relative youth at the time of his offenses, the lighter sentences that his co-defendants received, and a sentencing disparity that was created by a non-

1

retroactive change in the sentencing law in *United States v. Booker*, 543 U.S. 220 (2005). (Mot., ECF No. 1019, PageID.3254-3255. *See also* Culp Supp. Br., ECF No. 1010, PageID.2888-2891.)

The Court denied Culp's motions on December 9, 2021. (*See* Order, ECF No. 1018.) Relevant here, the Court concluded that the Sixth Circuit's published decision in *United States v. Hunter*, 12 F.4th 555 (6th Cir. 2021) – a case involving one of Culp's co-defendants – prohibited the Court from considering "factors like [Culp's] age when he committed his offenses and his co-defendants' sentences" when determining whether Culp had shown that extraordinary and compelling circumstances justified his release. (*Id.*, PageID.3251, citing *Hunter*, 12 F.4th at 569; internal punctuation omitted). In addition, the court in *Hunter* held that courts could not "consider[] *Booker's* non-retroactive change in sentencing law as a factor to support an 'extraordinary and compelling' reason" justifying release. *Hunter*, 12 F.4th at 563.

Culp has now moved for reconsideration. (*See* Mot., ECF No. 1019.) Culp explains that after *Hunter*, the Sixth Circuit issued a published opinion in *United States v. McCall*, 20 F.4th 1108 (6th Cir. 2021) that is in substantial tension with *Hunter*. (*See id.*, PageID.3255-3256.) In *McCall*, the Sixth Circuit held that the panel in *Hunter* had erroneously failed to follow an earlier Sixth Circuit decision, *United States v. Owens*, 996 F.3d 755 (6th Cir. 2021), and it explained that under

2

*Owens*, a court *could* consider whether a combination of factors, including a sentencing disparity caused by a non-retroactive change in the law, "formed an extraordinary and compelling reason for compassionate release." *McCall*, 20 4th at 1113. Thus, according to Culp, "the Sixth Circuit's decision in *Hunter* … should not be treated as binding authority on the question of whether [he] has presented extraordinary and compelling circumstances to warrant a sentence reduction based on the combination of his medical conditions, the non-retroactive change in the sentencing law (*i.e.*, *Booker*), his relative youth at the time of the offense and lesser culpability, and the sentencing disparity created by the confluence of these factors. As *McCall* makes clear, such an analysis of all of these factors, collectively, is compelled by *Owens* despite the Sixth Circuit's opinion in *Hunter*." (Mot., ECF No. 1019, PageID.3257; emphasis removed).

      Culp's reliance on *McCall* is completely understandable. Unfortunately for Culp, *McCall* was not the Sixth Circuit's last word on this issue. Indeed, following *McCall*, the Sixth Circuit issued a published decision in *United States v. McKinnie*, 24 F.4th 583 (2022). In *McKinnie*, the Sixth Circuit rejected *McCall*, noted that "[e]ven on its own terms, *McCall's* reasoning is flawed from top to bottom," and held that "the law of the Circuit doctrine required *McCall* to follow" the court's earlier decision in *Hunter*. *McKinnie*, 24 F.4th at 589. Thus, "the Sixth Circuit's holding in *McCall* is far from settled law" due to the "intra-circuit split [that] exists

3

within the Sixth Circuit on this issue." *United States v. Johnson*, 2022 WL 482539, at *4 (M.D. Tenn. Feb. 15, 2022) (noting the conflict between *Hunter* and *McKinnie*, on the one hand, and *McCall* on the other hand).

Thus, there are published Sixth Circuit decisions, like *McCall*, that support Culp's motion for reconsideration, and other published Sixth Circuit decisions, such as *Hunter* and *McKinnie*, that do not. In light of this uncertainty, the fact that *Hunter* involved one of Culp's co-defendants, and the fact that it appears that the pendulum on the Sixth Circuit may have swung back toward the *Hunter*/*McKinnie* line of authority, the Court is not persuaded that *McCall* compels the Court to reconsider its denial of Culp's motions for compassionate release. Moreover, in addition to denying compassionate release based on a lack of extraordinary and compelling circumstances, the Court also refused to release Culp based on its conclusion that the applicable factors under 18 U.S.C. § 3553(a) did not weigh in favor of release. (*See* Order, ECF No. 1018, PageID.3250-3251.) And *McCall* and *Owens* do not persuade the Court that it erred in that part of its ruling.

For all of these reasons, Culp's motion for reconsideration (ECF No. 1019) is **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 24, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 24, 2022, by electronic means and/or ordinary mail.

                                              s/Holly A. Ryan
                                              Case Manager
                                              (313) 234-5126